(Decided 14th May, 1884.)

---

DANIEL C. HAMMETT, Administrator of JAMES DILLA-
HAY *vs.* HIRAM G. DUDLEY and J. WALTER CAR-
PENTER, trading as DUDLEY & CARPENTER.

*Application of Payments.*

A continuous account between the plaintiffs and J. D., extending from the 4th of February, 1880, to the 30th of March, 1882, was kept by the plaintiffs alone. A draft drawn on and accepted by the plaintiffs, and signed by J. D. for whose accommodation it was drawn, and by the defendant's intestate, as surety for J. D., was charged in the account on 7th of June, 1880, as one of the

Hammett, Adm'r *vs.* Dudley and Carpenter.

debits against J. D. The credits were more than sufficient to extinguish the draft and all the debits antecedent to it. In an action against the administrator of the surety, to recover a balance due on the draft, it was HELD:

That the credits should be applied to the settlement of the earlier items on the debit side of the account; and the draft was therefore in point of law paid.

APPEAL from the Circuit Court for St. Mary's County.

This suit was brought by the appellees, commission merchants, doing business in the City of Baltimore, against the appellant, to recover a balance due on a certain draft, drawn on and accepted by the appellees, and signed by John Dillahay, for whose accommodation it was drawn, and by James Dillahay, the appellant's intestate, as surety for said John. The draft dated the 1st of June, 1880, was for $852.60, payable ninety days after date, to the order of Richard H. Miles, and by him endorsed. The draft was paid by the plaintiffs. The cause was submitted to and tried before the Court instead of the jury.

*Exception :*—The defendant offered the following prayers:

1. That the draft sued on in this action, is not sufficient evidence of indebtedness by the defendant's intestate to the plaintiffs, to enable them to recover under the pleadings in this cause, and they having failed to prove any other indebtedness by the defendant's intestate to them, they are not entitled to recover under the pleadings and evidence in this cause.

2. That if the Court shall find from the evidence, that the draft offered in evidence, was drawn by John Dillahay and the defendant's decedent, and that the said draft is the same draft as that charged in the open account of the plaintiffs against John Dillahay, offered in evidence, and that the payments stated in the said account, are more than sufficient in amount to discharge the said draft, and the charges in the said account prior to the amount charged

therein for the said draft, then the plaintiffs are not entitled to recover.

The Court, (STONE, C. J., and BROOKE, A. J.,) refused the aforesaid prayers; and was of opinion that, it appearing from the said draft and account, that the draft when paid by the plaintiffs, was charged to John Dillahay in the account, and that neither the said John Dillahay, nor the said James Dillahay, nor his administrator, ever gave the plaintiffs any direction or instruction as to the application of any money or proceeds of crops afterwards received by plaintiffs, that then the said plaintiffs had the right to apply such money or proceeds of the sale of crops to such indebtedness as existed from John Dillahay to them, as they, the plaintiffs, might select, and that the plaintiffs were fully authorized and empowered to apply the same as they did apply them, as appears per the account in evidence, and that as said account shows a balance due the plaintiffs of $461.77, that judgment must be entered for that amount.

To the refusal of the Court to grant the prayers of the defendant, and also to the opinion of the Court, the defendant excepted. Judgment was entered in favor of the plaintiffs for $461.77, with interest, and costs. The defendant appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*D. C. Hammett,* and *Daniel R. Magruder,* for the appellant.

*Frank. H. Stockett,* for the appellees.

The Court below was correct in rendering its judgment in favor of the plaintiffs.

*Firstly.* The payment by acceptors of a draft drawn and accepted for the *accommodation* of the drawer, raises

a presumption in law of an agreement on the part of the drawer to indemnify and protect the acceptors, and the failure of the drawer of such draft to meet it at maturity, or to place funds in the hands of the acceptors to meet it, entitles the acceptors to recover the amount so by them paid to meet such draft, in a suit on said draft, or for money laid out, expended and paid for the use of the drawer. *Chitty on Bills,* 318, 537, 580; *Whitewell vs. Brigham,* 19 *Pick.,* 117; *Bacchus vs. Richmond,* 5 *Yerger,* 109; 2 *Phil. Evidence,* 120; *Howes vs. Martin,* 1 *Esp. N. P. C.,* 162; *Chitty on Contracts,* 504-5; *Bell vs. Norwood's Adm'r,* 7 *La. Rep.,* 95; *Byles on Bills,* 129, 405.

*Secondly.* In the absence of any instruction or directions from John Dillahay, as to the application of the proceeds of the sales of his crops sent to the plaintiffs for sale, or money furnished by him to them, the plaintiffs had the right to appropriate such funds to the payment of the general or running indebtedness of the said John Dillahay, as they did, and the residue of the draft left unpaid by such application, was a proper claim against the estate of the defendant's intestate. *Gwinn vs. Whitaker,* 1 *H. & J.,* 754; *Chitty on Contracts,* 752-53, *and note; Addison on Contracts,* 1211-12-13; *Neidig vs. Whiteford,* 29 *Md.,* 178, 185, *&c.; Trustees of the German Lutheran Church, vs. Heise, &c.,* 44 *Md.,* 454, 471, *&c.*

BRYAN, J., delivered the opinion of the Court.

The question in this case relates to the application of payments. If the accommodation draft has not been paid in point of law, the judgment below was correct. There was a continuous account between the plaintiffs and John Dillahay, kept by the plaintiffs alone, and reaching from February 4th, 1880, to March 30th, 1882. This draft is charged as one of the debits against John Dillahay. The credits are more than sufficient to extinguish this draft, and all the debits antecedent to it. Under these circum-

stances it is settled that the credits must be applied to the settlement of the earlier items on the debit side of the account. The draft was therefore in point of law paid. The Court properly rejected the defendant's first prayer; but erred in rejecting the second and in making the ruling mentioned in the bill of exceptions. *Neidig vs. Whiteford,* 29 *Md.,* 178.

> *Judgment reversed, without*
> *awarding a new trial.*

(Decided 14th May, 1884.)